IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TRAVIS SWENBY and
MICHELLE SWENBY

Plaintiffs,                                             ORDER

v.
                                                        12-cv-351-wmc

DUNN COUNTY HUMAN SERVICES,

Defendants.

In this proposed civil action, plaintiffs Travis and Michelle Swenby are seeking leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.  Magistrate Judge Crocker has determined that plaintiffs may proceed without prepayment of costs.  The next step is to screen the complaint to determine whether plaintiffs' proposed action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks money damages from a defendant who is immune from relief.  28 U.S.C. § 1915(e)(2).

Plaintiffs' complaint will be dismissed without prejudice because the complaint does not allege *any* facts.  Instead, plaintiffs simply refer to 71 pages of documents, which appear to be petitions and orders from the Dunn County Circuit Court about the custody of plaintiffs' minor daughters.  Plaintiffs do not explain how these documents show their rights were violated.

Plaintiffs' apparent attempt to incorporate these exhibits *as* their complaint does not comply with Federal Rule of Civil Procedure 8, which states that a complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief.  This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).  Neither the court nor defendant are

required sift through plaintiffs' exhibits to guess about the nature of plaintiffs' claims. Because the complaint does not comply with Rule 8, the court will dismiss it without prejudice.

Plaintiffs will have until **June 28, 2013**, to file an amended complaint that complies with Rule 8. Any amended complaint must contain short, plain statements of fact made in numbered paragraphs, explaining what happened to make plaintiffs believe their rights were violated, when it happened and who did it. In other words, plaintiffs should write their complaint as if they are telling a story to someone who knows nothing about their situation. Plaintiffs should include *all* of their allegations in the amended complaint, rather than simply submitting documents or supplements. If plaintiffs do this, the court will take the amended complaint under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2). **If plaintiffs fail to respond to this order by June 28, 2013, the case will be closed.**

## ORDER

IT IS ORDERED that plaintiffs Travis and Michelle Swenby's complaint is DISMISSED WITHOUT PREJUDICE for failure to comply with Fed. R. Civ. P. 8. Plaintiffs may have until June 28, 2013, to submit a proposed amended complaint. If plaintiffs submit a revised complaint by that date, the court will take that complaint under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2). If plaintiffs fail to respond by that date, then the clerk of court is directed to close this case for plaintiffs' failure to prosecute.

Entered this 4th day of June, 2013.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge

2