IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TRAVIS SWENBY and
MICHELLE SWENBY

                Plaintiffs,                ORDER

   v.                                                 12-cv-351-wmc

DUNN COUNTY HUMAN SERVICES,

                Defendants.

      In an order dated June 4, 2013, this court dismissed the proposed civil complaint filed by plaintiffs Travis and Michelle Swenby on the ground that the complaint did not allege *any* facts. (Dkt. #6.) Instead, plaintiffs' complaint simply referred to 71 pages of documents, which appear to be petitions and orders from the Dunn County Circuit Court about the custody of plaintiffs' minor daughters. Plaintiffs did not explain how the documents showed their rights were violated. The court explained that the complaint violated Federal Rule of Civil Procedure 8, because it failed to "describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Although the court gave plaintiffs an opportunity to file an amended complaint that complied with Rule 8, plaintiffs failed to do so. Their case was closed on July 3, 2013, for failure to prosecute it.

      Now, nearly three years later, plaintiffs have filed a motion to reopen the case and "find that the county and judge should [have] placed the girls back home with" plaintiffs. (Dkt. #8.) Rather than file an amended complaint addressing the problems identified by

the court in the June 4, 2013 order, however, plaintiffs ask the court to "reuse the paper work that's on the docket."

Plaintiffs' motion will be denied for two reasons. First, plaintiffs have failed to comply with the court's earlier instruction to draft a new complaint that complies with Rule 8 and explains specifically the factual basis for their claims. Instead, plaintiffs simply refer again to the numerous documents attached to the complaint, despite the court explaining previously that solely referring to a stack of documents was inadequate.

Second, plaintiffs' motion to reopen confirms that, even if plaintiffs filed an amended complaint, this court would lack jurisdiction over their claims. Plaintiffs appear to be challenging state court decisions relating to child custody. Child custody decisions fall within the area of family or domestic relations, which is exclusively governed by state law. *See Rose v. Rose*, 481 U.S. 619, 625 (1987) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890)) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); *De Sylva v. Ballentine*, 351 U.S. 570, 580 (1956) ("[T]here is no federal law of domestic relations, which is primarily a matter of state concern."). Indeed, federal courts must refrain from exercising jurisdiction over claims that would interfere with domestic-relations issues that belong in state court. *Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 859 (7th Cir. 2007).

Additionally, lower federal courts are precluded by the *Rooker-Feldman* doctrine from reviewing state-court judgments, such as a state child custody or visitation order.

The *Rooker-Feldman* doctrine prevents a party "complaining of an injury caused by [a] state-court judgment" from seeking redress in a lower federal court. *Exxon Mobil Corp. v. Saudi Indus. Corp.*, 544 U.S. 280, 291-92 (2005). *See also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Rather, litigants who feel that a state court proceeding has violated their federal rights must generally assert those rights in state court and then appeal that decision through the state court system and, as appropriate, to the United States Supreme Court. *See Golden v. Helen Sigman & Assoc., Ltd.*, 611 F.3d 356, 361-62 (7th Cir. 2010) (holding that *Rooker-Feldman* barred review of claims related to a state court divorce and child custody proceedings); *T.W. by Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997) (applying *Rocker-Feldman* to a Wisconsin child-custody decision).

For these reasons, plaintiffs' motion to reopen this case must be denied.

ORDER

IT IS ORDERED that plaintiffs Travis and Michelle Swenby's motion to reopen this case (dkt. #8), is DENIED and their motions for leave to proceed IFP (dkt. #9) and for discovery (dkt. #13) are DENIED AS MOOT.

Entered this 7th day of March, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge